204 So.2d 834

**Jack ALSMAN**

v.

**STATE.**

**3 Div. 266.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Hugh V. Smith, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

Alsman appeals from a judgment based on verdict. The jury convicted him of grand larceny of an automobile, the personal property of George Boles, owner of George's Used Cars. The trial court adjudged him guilty and sentenced him to the penitentiary for three years.

The State made out a prima facie case of unexplained possession of recently stolen property. At least two witnesses were given a ride in the car in question by Alsman who was further described as having lent the car to one Robert Carter.

Alsman did not choose to testify. He did produce one witness in his behalf who testified that he had seen Alsman and another man at the witness's restaurant. However, the testimony failed to specify any particular date.

In cross examining one of the State's witnesses, attempts were made to show that on July 17, 1966, a Montgomery traffic policeman had cited Alsman for two violations, one for speeding and the other for not having a driver's license. Alsman was then driving the car in question.

In brief, Alsman's counsel contends that the State failed to show that Alsman's possession of the car was with intent to deprive the owner of its use. Also that the court erred in refusing to give an instruction to the jury, the text of which is set out in the brief.

## I.

 The permissible inferences which a jury may draw from a defendant's possession of recently stolen goods have given rise to a well established rule in cases of larceny. See Kilpatrick v. State, 43 Ala. App. 667, 199 So.2d 682. We think that there was enough of a prima facie case to let the jury have the issue.

## II.

 The written charge which it is claimed was refused by the trial judge does not appear in any way, shape or form in the record which has been furnished us by appellant's counsel. Accordingly, without the appellate record showing this purported ruling, the argument regarding its propriety is academic. Johnson v. State, 247 Ala. 271, 24 So.2d 17 (hn. 7).

We have carefully considered the entire record under the requisites of Code 1940, T. 15, § 389, and consider that the judgment is due to be

Affirmed.